DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
Tel.: (212) 557-7200
Fax.: (212) 286-1884
Gary I. Lerner (GL-5382)
E-mail: gil@dhclegal.com

*-and-*

BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Tel.: (818) 827-9000
Fax.: (818) 827-9099
Jeffrey A. Kobulnick (CA SBN 228299) (application for *pro hac vice* admission forthcoming)
E-mail: jkobulnick@bg.law

*Attorneys for Plaintiff,*
*SHAC MT, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| SHAC MT, LLC, a Nevada limited liability company, | : | Case No. _____ |
| | : | |
| Plaintiff, | : | **COMPLAINT** |
| | : | |
| - against - | : | JURY TRIAL DEMANDED |
| | : | |
| SAPPHIRE LOUNGE, INC., a New York corporation; and DOES 1-10, inclusive, | : | |
| | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------------x

     Plaintiff SHAC MT, LLC, a Nevada limited liability company ("Plaintiff" or "SHAC"),

by and through this Complaint against Defendants, SAPPHIRE LOUNGE, INC. a New York

corporation ("SAPPHIRE LOUNGE") and DOES 1 through 10, inclusive, (each a "Defendant"

and collectively, "Defendants"), alleges to the Court as follows:

00446573

## NATURE OF THE ACTION

1.      Plaintiff owns all rights, title and interest in and to the two federally registered trademarks consisting of the term "Sapphire" for use in connection with a wide range of adult entertainment services, bar nightclubs providing alcoholic beverages, and restaurant services (collectively, the "SAPPHIRE" marks), which it has used in commerce for more than 17 years. Plaintiff operates several bar nightclubs nationwide, including two in the State of New York, in connection with its SAPPHIRE marks, and the marks have become famous over time in the minds of consumers within the meaning of the Lanham Act.  Long after Plaintiff had established rights in its SAPPHIRE marks, and after the SAPPHIRE marks had acquired fame, and with full knowledge of Plaintiff's prior rights in and to same, Defendants have willfully and intentionally chosen to unfairly and directly compete with Plaintiff by offering similar bar nightclub and restaurant services in the State of New York in connection with the SAPPHIRE marks and/or marks confusingly similar to same, without Plaintiff's authorization or consent, causing consumer confusion and deception, as well as damages to Plaintiff.  Numerous demands having been made on Defendants to no avail, Plaintiff must now bring the instant action to protect its rights and remedies.

## PARTIES

2.      Plaintiff, SHAC MT, LLC ("Plaintiff" or "SHAC"), is a Nevada limited liability company, having its principal place of business located at 1803 Pontius Avenue, Los Angeles, California 90025.

3.      Upon information and belief, Defendant, SAPPHIRE LOUNGE, INC. ("SAPPHIRE LOUNGE") is a New York corporation, having its principal place of business located at 102 Rockaway Avenue, Valley Stream, New York 11580.

3679.003/2094471

4.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this Complaint to allege such names and capacities as soon as they are ascertained.  Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously-named defendants is in some manner responsible, liable and/or obligated to Plaintiff in connection with the acts alleged herein.

5.      Defendants sued herein as SAPPHIRE LOUNGE, and DOES 1 through 10, inclusive, shall collectively be referred to herein as the "Defendants."

6.      Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein, each of the Defendants shared a unity of interest.  Specifically, each of the Defendants are the alter ego of each other, in that each is not only influenced and governed by each other, but there exists such a unity of interest between them that the individuality and separateness of each of them have ceased, and the facts are such that an adherence to the fiction of the separate existence of each them would, under the particular circumstances, sanction a fraud or promote injustice.

7.      Upon information and belief, Defendants have directed ongoing and substantial commercial activities within the State of New York, including without limitation the Southern District of New York.

## JURISDICTION AND VENUE

8.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b), because this action arises under the laws of the United States – namely, the Lanham Act.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) of the

3

related state law claims that are factually interdependent with the federal law claims, and that arise from the same case or controversy.

9.    This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332 as Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

10.    Upon information and belief, this Court has personal jurisdiction over Defendants in that they transact substantial business in the State of New York.  By way of example only, Defendants are transacting business that is the subject of this Complaint in the State of New York, including within this judicial district.

11.    Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants have significant contacts within this judicial district.

12.    Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the facts giving rise to the acts or omissions alleged herein took place in this judicial district.

13.    Venue is also proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(3) and 1391(c)(2) because Defendants are individuals and business entities subject to this Court's personal jurisdiction.

## FACTUAL BACKGROUND

### A.    Plaintiff's SAPPHIRE Marks

14.    Plaintiff is the owner of two highly distinctive and registered U.S. trademarks consisting of the term "Sapphire" (the "SAPPHIRE" marks), which Plaintiff and its licensees have used in interstate commerce since at least as early as 2002 in connection with a wide range of adult entertainment services, bar, nightclubs providing alcoholic beverages, and restaurant services.

4

15.     Plaintiff and its licensees operate the largest gentlemen's club in the world, and their SAPPHIRE branded establishments continuously win many prestigious awards.   For example, the SAPPHIRE Las Vegas gentlemen's club was recently voted Best Gentlemen's Club by the Las Vegas Review Journal for the seventh year in a row. The Las Vegas Review Journal has also awarded the SAPPHIRE Las Vegas gentlemen's club "Best Bachelor Party" and "Best Bachelorette Party."

16.     Plaintiff and its licensees also operate a SAPPHIRE pool and day club in Las Vegas, which the Las Vegas Review Journal has awarded "Best Day Club."

17.     Plaintiff and its licensees also operate two SAPPHIRE branded gentlemen's clubs in New York City: Sapphire NY and Sapphire 39.

18.     Plaintiff and its licensees also plan to open a third SAPPHIRE branded gentlemen's club in New York City in the next few months: Sapphire Times Square.

19.     In connection with its SAPPHIRE branded clubs, Plaintiff applied for, and obtained, U.S. Trademark Registration Number 4,454,049 (the "049 Registration"), for the standard character mark SAPPHIRE, in International Class 41, for use in connection with a wide range of adult entertainment services.  A true and correct copy of the 049 Registration is attached hereto as **Exhibit 1**.

20.     Plaintiff also applied for, and obtained, U.S. Trademark Registration Number 3,316,967 (the "967 Registration"), for the stylized version of the SAPPHIRE mark shown below, in International Class 41, for use in connection with a wide range of adult entertainment services, as well as in International Class 43 for use in connection with bar nightclubs serving alcoholic beverages, and restaurant services.  A true and correct copy of the 967 Registration is attached hereto as **Exhibit 2**.

5



21.     The 049 Registration and 967 Registration are both valid and subsisting and provide prima facie evidence of Plaintiff's ownership of and exclusive right to use the SAPPHIRE marks, in the United States in connection with the services identified in the registration certificates, as well as any sufficiently related goods and services.

22.     Both the 049 Registration and 967 Registration are incontestable, pursuant to 15 U.S.C. § 1065, as confirmed by publicly available U.S. Patent and Trademark Office records.

23.     Plaintiff's SAPPHIRE branded services have enjoyed substantial commercial success and popularity nationwide, including within this judicial district.

24.     Plaintiff's SAPPHIRE marks are inherently distinctive.

25.     Plaintiff controls use of the SAPPHIRE marks by its authorized licensees in the United States.

26.     Plaintiff has spent substantial time, effort, and money advertising and promoting its SAPPHIRE marks throughout the United States.

27.     By virtue of Plaintiff's continuous and exclusive use in the United States of the SAPPHIRE marks in connection with a wide range of adult entertainment services, bar nightclubs providing alcoholic beverages, and restaurant services, for more than 17 years, the SAPPHIRE marks have further acquired distinctiveness.   That is, the public has come to

6

associate the SAPPHIRE marks with Plaintiff's high-quality services, consequently allowing Plaintiff to build a valuable reputation in connection with its SAPPHIRE marks.

28.     Plaintiff has expended considerable time, effort and money in advertising and otherwise promoting its adult entertainment services, bar nightclubs providing alcoholic beverages, and restaurant services, and encouraging the public and trade to recognize its SAPPHIRE marks.  As such, Plaintiff has acquired extensive goodwill in its SAPPHIRE marks in connection with adult entertainment services, bar nightclubs providing alcoholic beverages, and restaurant services.

29.     As a result of the longstanding, continuous and extensive use of Plaintiff's SAPPHIRE marks, the SAPPHIRE marks have become "famous" in the minds of consumers in connection adult entertainment services, bar nightclubs providing alcoholic beverages, and restaurant services.

30.     Plaintiff's SAPPHIRE marks became famous in connection with adult entertainment services, bar nightclubs providing alcoholic beverages, and restaurant services prior to the time that Defendants' began engaging in the misconduct alleged herein.

**B.     Defendants' Infringing Activities**

31.     Long after Plaintiff had established rights to its SAPPHIRE marks, Defendants began using three confusingly similar marks, in connection with their own bar nightclubs providing alcoholic beverages and restaurant services in the State of New York.

32.     More specifically, Defendants are using the standard character mark "Sapphire" and the two stylized marks shown below, which appear on their social media accounts and on the signage outside their brick-and-mortar location, both consisting of and/or containing the term

"Sapphire" in connection with bar nightclubs providing alcoholic beverages and restaurant services.




33.     Defendants have entered into the same market as Plaintiff, and promote and sell their own competing bar nightclub services and restaurant services in connection with the term "Sapphire," which fully incorporate Plaintiff's SAPPHIRE marks and/or are confusingly similar to same.

34.     Defendants' inclusion of an image of a diamond, and the descriptive words, "lounge & café," as shown above, do little to distinguish Defendants' marks from Plaintiff's marks, and Defendants' marks are so similar to Plaintiff's SAPPHIRE marks that consumers who hear, read, or see them will instantly think of Plaintiff's SAPPHIRE marks.

35.     Upon information and belief, Defendants' bar nightclub services and restaurant services do not espouse the same degree of high quality services as Plaintiff's services provided under the SAPPHIRE marks.

36.     Plaintiff has used its SAPPHIRE marks on and in connection with bar nightclub services and restaurant services for many years, and long before Defendants' adoption of their own marks incorporating the term "Sapphire."

8

37.     Plaintiff is informed and believes and thereupon alleges that Defendants have sought to improperly capitalize on Plaintiff's investment in the creation and positive reputation of the SAPPHIRE marks.

38.     Upon information and belief, Defendants chose their marks with the intent and purpose of trading off of the goodwill that Plaintiff's SAPPHIRE marks currently enjoys, and to mislead, confuse and deceive consumers as to the source, sponsorship, affiliation and/or endorsement of Defendants' services.

39.     As a result, not only is there likelihood of confusion, but Plaintiff's reputation is being tarnished and the value and distinctiveness of Plaintiff's SAPPHIRE marks are being diminished and blurred.

40.     Plaintiff is informed and believes and thereupon alleges that, Defendants have all assisted, cooperated with and conspired with one another to create, acquire, purchase, advertise, promote, distribute and/or sell services in connection with the SAPPHIRE marks without Plaintiff's authorization.

41.     Upon learning of Defendants' infringing activities, Plaintiff sent a cease and desist letter to Defendants on July 6, 2018, demanding that Defendants cease and desist all further uses of Plaintiff's SAPPHIRE marks, or any other terms that are confusingly similar to Plaintiff's SAPHIRE marks, in connection with their bar nightclub and restaurant services.

42.     While as a result of that letter, Plaintiff did have several communications with an attorney in New York who claimed to represent Defendants, Defendants have since ceased responding to Plaintiff and refuse to cease their infringing activities.

43.     Although Defendants have been made aware of Plaintiff's prior trademark rights, Defendants are still using Plaintiff's SAPPHIRE marks in connection with their directly

9

competing bar nightclub and restaurant services in the State of New York, including within this judicial district.

44.    Numerous demands having been made on Defendants to no avail, Plaintiff must now bring this action for trademark infringement, trademark dilution, and unfair competition under federal a state law, arising from Defendants' unlawful uses of Plaintiff's SAPPHIRE marks.

45.    Plaintiff is informed and believes and thereupon alleges that, absent the intervention of this Court, Defendants' illegal actions will continue, and Plaintiff and consumers will continue to be harmed.

## FIRST CAUSE OF ACTION
### (Federal Trademark Infringement - 15 U.S.C. § 1114)
### (Against All Defendants)

46.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs 1-45 above herein.

47.    The federally registered SAPPHIRE marks and goodwill of the business associated therewith in the United States are of great and incalculable value, highly distinctive and arbitrary and have become associated in the public mind with services of the highest quality and reputation with Plaintiff as the source of origin.

48.    Upon information and belief, without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the SAPPHIRE marks in connection with bar nightclub and restaurant services, Defendants have used and are using confusingly similar SAPPHIRE marks in connection their own directly competing bar nightclub and restaurant services in the United States.

3679.003/2094471

49.     Upon information and belief, Defendants' unauthorized provision of bar nightclub and restaurant services in the United States in connection with the SAPPHIRE marks are marketed to the same consumers and in direct competition with Plaintiff's own SAPPHIRE branded bar nightclub and restaurant services, in or affecting interstate commerce in the United States.

50.     Defendants' use in commerce of similar SAPPHIRE marks is likely to deceive the public into believing that Defendants' services are authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

51.     Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

52.     Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

53.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, including actual damages and profits made by Defendants on sales of its unauthorized services, and the costs of this action.

54.     Furthermore, the foregoing actions of Defendants were undertaken willfully and with the intention to cause confusion, mistake, or deception, thus making this case exceptional under the Lanham Act and entitling Plaintiff to recover enhanced damages and reasonable attorneys' fees.

3679.003/2094471

## SECOND CAUSE OF ACTION
### (Federal Trademark Dilution - 15 U.S.C. § 1125(c))
### (Against All Defendants)

55.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-54 above herein.

56.   The SAPPHIRE marks are "famous" within the meaning of Section 43(c) of the Lanham Act, 15. U.S.C. § 1125(c)(1) and have been famous prior to Defendants' conduct as alleged herein.

57.   Defendants' use, advertisement, offers for sale, and sales in commerce of bar nightclub and restaurant services in connection with the SAPPHIRE marks, without authorization from Plaintiff, dilutes the distinctive quality of the SAPPHIRE marks and is being done with the willful intent to trade on Plaintiff's reputation and/or to cause dilution of the SAPPHIRE marks.

58.   Defendants' unauthorized use of the SAPPHIRE marks is likely to and does dilute Plaintiff's SAPPHIRE marks, both by blurring the distinctiveness of the marks and by tarnishing the reputation associated therewith by offering lower quality services in connection with Plaintiff's SAPPHIRE marks that were not authorized by Plaintiff.

59.   Defendants' unauthorized use of the SAPPHIRE marks in connection with bar nightclub and restaurant services is being done with notice and full knowledge that such use of the SAPPHIRE marks is not authorized or licensed by Plaintiff.

60.   Defendants' aforesaid acts are in knowing and willful violation of Plaintiff's rights in Section 43(c) of the Lanham Act, 15. U.S.C. § 1125(c).

61.   Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and

12

reputation.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. Sections 1116 and 1125(c).

62.     As a result of Defendants' illegal activities, Plaintiff has been damaged in an amount to be determined at trial, including the costs of this action.

### THIRD CAUSE OF ACTION
**(False Designation of Origin and Unfair Competition - 15 U.S.C. § 1125(a))**
**(Against All Defendants)**

63.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-62 above herein.

64.     Defendants are using Plaintiff's registered SAPPHIRE marks and/or marks confusingly similar to same, without authorization from Plaintiff in connection with the provision of bar nightclub and restaurant services in the United States, that are of the same general nature and type as those that Plaintiff has long provided in connection with its own registered SAPPHIRE marks.

65.     Defendants' unauthorized uses of the SAPPHIRE marks are likely to cause confusion to the general purchasing public.

66.     By misappropriating and using the SAPPHIRE marks, Defendants misrepresent and falsely describe to the general public the nature, origin and source of their unauthorized services and create a likelihood of confusion by ultimate purchasers as to the source, sponsorship, affiliation and/or endorsement of such services.

67.     Defendants' unlawful and unauthorized provision of bar nightclub and restaurant services in the United States, in connection with the SAPPHIRE marks, create express and implied misrepresentations that those services are authorized or approved for sale by Plaintiff, all to Defendants' profit and Plaintiff's great damage and injury.

13

68.     Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15. U.S.C. § 1125(a), in that Defendants' uses of the SAPPHIRE marks, in connection with Defendants' services, in interstate commerce constitutes trademark infringement, a false designation of origin, and unfair competition.

69.     Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its business, goodwill and reputation.

70.     As a result of Defendants' activities, Plaintiff has been damaged in an amount to be determined at trial, and including but not limited to the costs of this action.

71.     Furthermore, Defendants' continued willful violation of Plaintiff's rights with full knowledge of said rights entitles Plaintiff to recover enhanced damages and reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION
### (Deceptive Acts and Practices – N.Y. Gen. Bus. Law § 349)
### (Against All Defendants)

72.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-71 above herein.

73.     Plaintiff owns all right, title and interest in and to the SAPPHIRE marks.

74.     Consumers identify the SAPPHIRE marks exclusively with Plaintiff and its licensees.

75.     Defendants, acting without Plaintiff's authorization or consent, and having knowledge of Plaintiff's rights, have intentionally and willfully traded on Plaintiff's reputation and goodwill in its SAPPHIRE marks by offering to consumers directly competing services in connection with the same and/or confusingly similar marks in the United States, including

14

without limitation in the State of New York and this judicial district, that are of the same general nature and type as those that Plaintiff has long provided in connection with its own registered SAPPHIRE marks.

76.     Upon information and belief, Defendants' use of the SAPPHIRE marks and/or marks confusingly similar to same, is likely to cause, and is causing, confusion and deception among the general purchasing public as to the sponsorship, approval and/or source of the services being offered for sale by Defendants, and is likely to deceive the public into believing that the services being offered for sale by Defendants originate from, are associated with, or are otherwise authorized by Plaintiff.

77.     New York General Business Law section 349 prohibits deceptive acts and practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State of New York.

78.     The aforesaid acts by Defendants constitute deceptive acts and practices in the State of New York, as contemplated by New York General Business Law section 349

79.     Upon information and belief, the aforesaid acts by Defendants have caused, are likely to cause, injury to Plaintiff and result in consumer deception, in violation of New York General Business Law section 349, and unless permanently restrained and enjoined by this Court, will continue.

80.     Pursuant to New York General Business Law section 349(h), Plaintiff is entitled to an award of three times its actual damages, plus recovery of its reasonable attorneys' fees, from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

(a)    For actual and compensatory damages in an amount to be proved at trial;

(b)    For enhanced damages representing three times Plaintiff's actual damages;

(c)    For disgorgement of Defendants' profits;

(d)    For statutory damages, including enhanced damages based on Defendants' willful violation of Plaintiff's rights;

(e)    For reasonable attorneys' fees and costs;

(f)    For injunctive and equitable relief; and

(g)    For all such further relief as the Court finds just and proper.

3679.003/2094471

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented by this Complaint which are properly triable to a jury.

Dated: New York, New York
       March 29, 2019

<div style="margin-left: 40%">

DAVIDOFF HUTCHER & CITRON LLP

By: _____
       Gary I. Lerner (GL-5382)

605 Third Avenue
New York, New York 10158
Tel.: (212) 557-7200
Fax.: (212) 286-1884
gil@dhclegal.com

-and-

BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Tel.: (818) 827-9000
Fax.: (818) 827-9099
Jeffrey A. Kobulnick (CA SBN 228299)
(application for *pro hac vice* admission forthcoming)
E-mail: jkobulnick@bg.law

*Attorneys for Plaintiff,*
*SHAC MT, LLC*

</div>